IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

DENARD C. TRAPP,

     Plaintiff,

        v.

STATE OF NEW JERSEY, et al.,

     Defendants.

Civil No. 17-3951 (RMB/AMD)

**OPINION**

**RENÉE MARIE BUMB**, United States District Judge:

This matter comes before the Court, <u>sua sponte</u>, upon its review of <u>pro se</u> Plaintiff Denard C. Trapp's Amended Complaint, filed February 22, 2018 [Dkt. No. 19], which named U.S. District Judge Peter G. Sheridan as a defendant. For the reasons set forth herein, Plaintiff's claims against Judge Sheridan shall be **DISMISSED**. In accordance with Local Civil Rule 40.1(h), this Court will also notify the Chief Judge of this decision with a recommendation that the case be reassigned to Judge Sheridan.

I.    **BACKGROUND & PROCEDURAL HISTORY**

<u>Pro se</u> Plaintiff commenced this by filing his initial Complaint on July 18, 2018 [Dkt. No. 1], alleging Constitutional Due Process violations by the State of New Jersey, Municipal Court Judge Susan Clark, and Municipal Prosecutor Sean Kean, in

relation to his arrest in the Tinton Falls Municipal Court on May 23, 2017. On February 22, 2018, Plaintiff filed an Amended Complaint, naming additional defendants, including Judge Sheridan.

Having named Judge Sheridan as a defendant, Plaintiff filed a Motion to Disqualify Judge Sheridan from presiding over this matter on April 25, 2018 [Dkt. No. 22]. On May 10, 2018, Judge Sheridan granted Plaintiff's Motion to Disqualify due to his status as a named defendant [Dkt. No. 25]. The case was subsequently reassigned to this Court [Dkt. No. 26].

On July 18, 2018, the U.S. Attorney's Office filed a letter [Dkt. No. 30] notifying the Court that Plaintiff had failed to properly serve a copy of the Amended Complaint upon Judge Sheridan within 90 days after the Amended Complaint was filed, as required by Fed. R. Civ. P. 4(i) and 4(m).

On November 20, 2018, this Court ordered Plaintiff to show cause within 10 days as to why he failed to serve his Amended Complaint and why his claims against Judge Sheridan should not be dismissed. Although the Clerk of the Court mailed a copy of that Order to Plaintiff's last known address, the mail was returned as undeliverable [Dkt. No. 32]. Almost 6 months have passed since this Court's Order to Show Cause, yet Plaintiff has neither filed a response nor updated his mailing address (as required by Local Civil Rule 10.1(a)).

## II.  DISCUSSION

On this Court's <u>sua sponte</u> review of Plaintiff's Amended Complaint, the Court finds that Plaintiff's claims against Judge Sheridan must be dismissed.  First, Plaintiff has failed to serve his Amended Complaint upon Judge Sheridan within 90 days of filing.  Second, Plaintiff's claims against Judge Sheridan are patently frivolous and barred by the doctrine of judicial immunity.

### A. *Failure to Serve Amended Complaint*

Under Fed. R. Civ. P. 4(m), if a defendant is not served within 90 days after the complaint is filed, the Court must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

Over a year has passed since Plaintiff filed his Amended Complaint and almost 6 months have passed since this Court ordered Plaintiff to show cause why he had not served the Amended Complaint.  Despite ample time and opportunity to effectuate service, Plaintiff has failed to do so.  The U.S. Attorney's Office filed a letter on the docket specifically offering to accept service on behalf of Judge Sheridan, so Plaintiff cannot claim that he did not know where to serve the Amended Complaint.

### B. *Doctrine of Judicial Immunity*

Under Local Civil Rule 40.1(h), if a case is reassigned to another judge as a result of the originally assigned judge being named as a defendant in that matter, "the newly assigned Judge shall promptly determine whether the suit against the Judge is patently frivolous or judicial immunity applies."  In this case, even if Plaintiff had effectuated service upon Judge Sheridan, his claims would be barred under the doctrine of judicial immunity.

Under the doctrine of judicial immunity, "[a] judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." Capogrosso v. The Supreme Court of New Jersey, 588 F.3d 180, 184 (3d Cir. 2009)(quoting Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir.2006)).  "Judicial immunity is an immunity from suit, not just from ultimate assessment of damages." Mireless v. Waco, 502 U.S. 9, 11 (1991).  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted 'in the clear absence of all jurisdiction.'" Azubuko, 443 F.3d at 303 (quoting Stump v. Sparkman, 435 U.S. 349, 356–57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978)).

Plaintiff's Amended Complaint, construed liberally, seems to allege that Judge Sheridan has violated his constitutional rights through various decisions that adversely impacted Plaintiff.  Specifically, Plaintiff cites Judge Sheridan's decisions in another matter, <u>Lincoln et al v. Wells Fargo Bank, N.A., et al</u>, Case No. 13-5764 (D.N.J., filed Sept. 26, 2013), as support for his allegation that Judge Sheridan is biased and "has a long history of violating my family and my rights or just breaking the DAMN LAW [sic]." <u>See</u> Am. Compl. at 4.

To the extent Plaintiff's claims are based upon Judge Sheridan's actions in deciding previous cases that impacted Plaintiff, these claims are clearly barred by judicial immunity. <u>See</u> <u>Copeland v. U.S. Dep't of Justice</u>, 675 F. App'x 166, 173 (3d Cir. 2017)(holding that a judge's actions "in deciding [plaintiff's] previous cases falls squarely within the bounds of judicial immunity").  Thus, in accordance with L. Civ. R. 40.1(h), this Court "shall promptly notify the Chief Judge upon the issuance of an order dismissing the defendant Judge.  The Chief Judge shall thereafter, if appropriate, reassign the civil action to the originally assigned Judge."

## III.  CONCLUSION

For the aforementioned reasons, this Court finds that Plaintiff's claims against Judge Sheridan must be dismissed.  In

addition to Plaintiff's failure to serve the Amended Complaint,

Plaintiff's claims against Judge Sheridan are both patently

frivolous and barred by judicial immunity.  Accordingly,

Plaintiff's claims against Judge Sheridan will be **DISMISSED**.

Additionally, this Court shall promptly notify the Chief Judge

of this decision and recommend that Judge Sheridan be reassigned

to this matter.  An appropriate Order shall issue on this date.


DATED: May 10, 2019

s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE
